## John Descamps *against* Stephen Dutihl and Wachsmuth.

The court will direct a verdict to be entered on a particular count, where no evidence has been given on the bad or inconsistent counts.

MR. PHILLIPS for the plaintiff moved for leave to enter his verdict on the second count in the declaration, to which the evidence was immediately applicable.

The declaration consisted of three counts; the first and second were laid in different ways in special assumpsit; the third count was for money had and received.   The money received

[Snyder and Wife *v.* Castor's Adm'r.]

was said to have been received since the commencement of the suit.

Mr. Duponceau for the defendants, opposed the motion. Evidence was given on the money count, and all the transactions between the parties were gone into, and submitted to the jury. However hard the verdict may be, the defendants are willing to acquiesce therein, and are ready to pay the damages and costs. The practice of allowing verdicts to be entered on a particular count, where a general verdict has been rendered, only holds, *443] *where there has been a bad or inconsistent count, on which judgment might be arrested, and not where any evidence has been given on such count however vicious. But the object of the plaintiff here, is to lay a ground for bringing a new suit, after a full hearing.

Mr. Justice SMITH, before whom the action was tried on the 30th June last reported the evidence; and that evidence had been given on the money count, and that upon a full hearing, the jury had found a verdict for the plaintiff for 200 dollars damages.

BY THE COURT. The practice has been correctly stated. Tidd's Pract. 590. Dublin ed. 320. It was introduced to serve the purposes of justice, where no evidence has been adduced on the defective count. But here the jury have formed their verdict on the whole matter, and the count is not bad or inconsistent. Granting the motion would tend to harass the defendants.

Motion denied.